**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**GLORIA ROBERTSON WIGGINS**                      **CIVIL ACTION NO.**

**VERSUS**                                                              **19-731-SDD-EWD**

**LOUISIANA STATE UNIVERSITY-**
**HEALTH CARE SERVICES**
**DIVISION, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 25, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**GLORIA ROBERTSON WIGGINS**                         **CIVIL ACTION NO.**

**VERSUS**                                          **19-731-SDD-EWD**

**LOUISIANA STATE UNIVERSITY-
HEALTH CARE SERVICES
DIVISION, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Gloria Robertson Wiggins ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint against "Louisiana State University-Health Care Services Div. and its Board of Supervisors in their Capacity as Supervisors to University Medical Center in Lafayette," Dan Guillot, and "LSU-HCSD owned and operated by the Board of Supervisors" ("Defendants").[1] On November 18, 2019, a hearing was held in this matter pursuant to *Spears v. McCotter*,[2] at which Plaintiff personally appeared (the "*Spears* hearing"). For the reasons set forth herein, the undersigned recommends that Plaintiff's suit be dismissed without prejudice.

**I.    Background**

On October 22, 2019, Plaintiff filed a Complaint against Defendants. Plaintiff alleges that "[t]his is a suit against LSU-HCSD and Board of Supervisors for the destruction of Marjorie Dorothy Lee Robertson, a human being was treated with ECT without permission by Lafayette Charity Hospital in the amount of 3 Million dollars."[3] During the *Spears* hearing, Plaintiff explained that Plaintiff's mother, Marjorie Dorothy Lee Robertson ("Decedent"), was treated with electroshock therapy without Decedent's consent in 1960. Plaintiff further explained that her

---

[1] R. Doc. 1.

[2] 766 F.2d 179 (5th Cir. 1985), *abrogated on other grounds Neitzke v. Williams*, 109 S.Ct. 1827 (1989).

[3] R. Doc. 1, p. 1.

1

mother died in 2002, and that Plaintiff learned about the electroshock therapy in 2014. Plaintiff also confirmed that Plaintiff is a citizen of Louisiana and that she believes both LSU-HCSD and Dan Guillot are also Louisiana citizens.

## II.     Law and Analysis

During the *Spears* hearing, the Court explained that, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[4] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[5] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[6] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[7]

Plaintiff's Complaint does not raise a federal question. Although Plaintiff's allegations appear to satisfy the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332,[8] the parties to this suit are not completely diverse because Plaintiff and at least one of the defendants are citizens of Louisiana. Plaintiff confirmed during the *Spears* hearing that she is a citizen of

---

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332.

[6] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[7] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[8] R. Doc. 1, p. 1 (demand of $3,000,000.00).

2

Louisiana. This Court has previously taken judicial notice of the fact that the Board of Supervisors of Louisiana State University is a citizen of Louisiana.[9]

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction."[10] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[11] Because Plaintiff has not met her burden of establishing that this Court has federal subject matter jurisdiction, this case must be dismissed without prejudice for lack of subject matter jurisdiction.[12]

---

[9] *Hinson v. Belcher*, 736 F.Supp. 711 n. 1 (M.D. La. 1990) (finding that suit against the Board of Supervisors was a suit against the state of Louisiana and therefore barred by the Eleventh Amendment to the United States Constitution) (citing La. R.S. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.")).

[10] *Edwards v. Jackson Hinds Comprehensive Health Center*, Civil Action No. 3:17-cv-972, 2018 WL 3653761, at * 1 (S.D. Miss. June 11, 2018) (quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 3:16-CV-597-L, 2016 WL 3763425, at *2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). *See also*, *McKendall v. U.S. Army Corps of Engineers*, Civil Action No. 15-2631, 2016 WL 3218842, at * 1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.") (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[11] *Dickens v. TASB Risk Management*, MO:17-cv-00216, 2018 WL 6184804, at * 1 (W.D. Tex. Nov. 21, 2018). *See also*, *Craig v. Our Lady of the Lake Regional Medical Center*, Civil Action 15-814, 2017 WL 1113326, at * 2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (citing Fed. R. Civ. P. 12(h)(3)).

[12] Additionally, and as discussed during the *Spears* hearing, Plaintiff's suit may be prescribed. *See*, La. R.S. § 9:5628(A) ("No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect."); *Rajnowski v. St. Patrick's Hosp.*, 564 So.2d 671, 674 (La. 1990) (by enacting La. R.S. § 9:5628, the legislature overruled the judicially-created exception to the running of prescription "where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.").

### III. Recommendation

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's suit be dismissed without prejudice for lack of federal subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on November 25, 2019.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**